UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIVEDI TRIVEDI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-00190-DAD-CKD<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 12) |

On January 12, 2026, petitioner Trivedi Trivedi filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Petitioner alleges that he entered the United States on March 22, 2023, ICE released him on March 27, 2023 on his own recognizance, and on October 25, 2025, ICE re-detained petitioner at his regularly scheduled check-in without any warning, paperwork, or legitimate reason.  (*Id.* at 5–6.)  Petitioner requests that the court order his immediate release and award petitioner his costs and reasonable attorneys' fees.  (*Id.* at 17.)  On March 9, 2026, petitioner filed a motion for temporary restraining order.  (Doc. No. 12.)  The court set a briefing schedule on petitioner's pending motion and ordered respondent to substantively address whether any provision of law or fact in this case would distinguish it from

1

the situations addressed by this court's decisions in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) or *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025).  (Doc. No. 13.)

On March 10, 2026, respondents filed an opposition to petitioner's motion for a temporary restraining order and petition for writ of habeas corpus.  (Doc. No. 14.)  Therein, respondents concede that "[t]here are no significant factual or legal issues in this case that materially distinguish it from this Court's prior Orders in" *Perez* or *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025).  (*Id.* at 1.)  In addition, respondents stated that they "are further amenable to the Court ruling on the underlying petition for writ of habeas corpus[.]"  (*Id.*)

Accordingly, pursuant to the court's reasoning as stated in *Perez* and *Rocha Chavarria*, the court will grant the pending petition for writ of habeas corpus.

For the reasons explained above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

    a.    Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his October 25, 2025 re-detention;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

    c.    Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

/////

2

2.      Petitioner's motion for a temporary restraining order (Doc. No. 12) is hereby

DENIED as having been rendered moot in light of this order; and

3.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to

CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 12, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE